# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **TERRY WAYNE HARVELL**,<br><br>  **Plaintiff**,<br><br>v.<br><br>**PMAB, LLC**<br><br>  **Defendants.** | **Civil Action No.** 1:19-cv-237 |

## COMPLAINT

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Terry Wayne Harvell is an adult individual residing in Oakboro, NC.

5. Defendant PMAB, LLC ("PMAB") is a business entity which regularly conducts business in the Middle District of North Carolina and has a registered agent

located at 4135 S. Stream Blvd., #400, Charlotte, NC 28217. The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

**FACTUAL ALLEGATIONS**

6. At all pertinent times hereto, Defendant was hired to collect a debt allegedly owed by Plaintiff, (hereafter the "debt").

7. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

8. Between the years 2014 and 2015, Plaintiff received healthcare services from Randolph Internal Medicine and Locust Medical Services.

9. Randolph Internal Medicine and Locust Medical Services hired PMAB to collect debts allegedly owed by Plaintiff.

10. On or around August 9, 2018, without Plaintiff's consent, PMAB sent a third-party a debt collection statement in the mail.

11. The third-party resides at an address separate from Plaintiff.

12. The debt collection statement sent to, and addressed to, the third party contained personal, private and confidential information, including medical record information, insurance information, and financial invoices for medical debts which belong to Plaintiff.

13. Plaintiff was extremely embarrassed and distraught when he discovered that Defendant had not only disclosed information regarding an alleged debt to a third-party, but also disclosed sensitive medical information about Plaintiff.

14. Defendant acted in a false, deceptive, misleading and unfair manner when communicating with any person other than the consumer, without the consumer's consent.

15. Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

16. Defendant acted in a false, deceptive, misleading and unfair manner when they used false representations and deceptive means to collect or attempt to collect a debt.

17. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its actions into compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to insure compliance with said laws.

18. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

19. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

20. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, invasion of privacy, and emotional and mental pain and anguish that she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – VIOLATIONS OF THE FDCPA

21. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

24. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

25. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692c(b), 1692d, 1692e(10) and 1692f, as evidenced by the following conduct:

(a) Communicating with third-parties, in connection with the collection of a debt, without the consumer's consent;

(b) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt;

(c) Otherwise using false, deceptive or misleading and unfair or unconscionable means to collect or attempt to collect a debt.

4

26. Defendant's acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

27. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## COUNT II – INVASION OF PRIVACY

28. Plaintiff re-alleges and incorporates by reference all preceding paragraphs the foregoing paragraphs as alleged above.

29. Defendant's conduct, including but not limited to communicating with any person other than the consumer without the consumer's consent, constitutes an invasion of privacy.

30. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to compensate the Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

31. Defendant's above actions violated Plaintiff's right of privacy by intruding upon his seclusion.

32. Plaintiff has a reasonable expectation of privacy in his personal medical information.

33. Defendant intruded into Plaintiff's seclusion by wrongfully disclosing sensitive medical information to a third-party.

34. Defendant's intrusion upon Plaintiff's seclusion was intentional, and consistent with Defendant's corporate policies and business practices.

35. Defendant's intrusion detailed above is highly offensive to any reasonable person, and was in fact highly offensive to Plaintiff.

36. As a direct result of Defendant's actions, Plaintiff has suffered serious injuries, including economic and emotional damages, stress, embarrassment, and humiliation.

37. Defendant is liable to compensate Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

## JURY TRIAL DEMAND

38. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be just and proper.

Respectfully Submitted,

BY: */s/ Rachel C. Matesic*
Rachel C. Matesic, Esq.
MARCELLINO & TYSON, PLLC
2820 Selwyn Ave., Suite 350
Charlotte, NC 28209
(704) 919-1519
rachel@yourncattorney.com
State Bar No. 50156

Joseph L. Gentilcore, Esq.*
FRANCIS & MAILMAN, P.C.
1600 Market Street
25th Floor
Philadelphia, PA 19103
(215) 735-8600
jgentilcore@consumerlawfirm.com

*\* Application for admission
pro hac vice forthcoming*

Dated: March 1, 2019　　　　　　　　**Attorneys for Plaintiff**